## MÉNDEZ *v.* THE REGISTRAR OF PROPERTY.

### APPEAL from a decision of the Registrar of Property of Caguas.

#### No. 119.—Decided June 29, 1912.

INHERITANCE—ALIENATION OF HEREDITARY RIGHTS.—The right of an heir to inherit from his father accrues at the moment of the death of the father and from that moment the heir may alienate validly all his hereditary rights to the inheritance from his father.

ID.—ALIENATION OF HEREDITARY RIGHTS—DEFECT IN DEED—RECORD OF TITLE—PARTITION AND ADJUDICATION OF INHERITANCE.—In accordance with the doctrine laid down in the preceding paragraph, the fact that a deed transferring hereditary rights is executed on the same day as that on which the partition of the inheritance is made and prior to the judicial approval of said partition and the recording thereof in a notarial office is not an incurable defect which bars the recording of the deed transferring the hereditary rights nor is it in conflict with the provisions of article 17 of the Mortgage Law, because in such a case it is not sought to record a previous title or one of the same date executed by a person other than the one who appears in the registry to have title, but to record a deed executed by the very person who appears in the registry to possess title.

ID.—PARTITION OF INHERITANCE—ALIENATION OF HEREDITARY RIGHTS—THIRD PARTIES.—An heir who conveys all of his hereditary rights to the inheritance from his father, which title the grantee afterwards recorded as specified in certain property by virtue of the partition of the inheritance, has not the character of a third party with regard to the grantee of said rights.

ID.—RECORD OF TITLE—ALIENATION OF HEREDITARY RIGHTS—RECORD OF PROPERTY ADJUDICATED TO HEIR IN PARTITION.—A purchaser of title and rights in an inheritance who presents in the registry for record the deed granting him the hereditary rights to the property adjudicated to his vendor is entitled to have said deed entered on the records of the property adjudicated to the heir who conveyed to him his hereditary title.

ID.—DESCRIPTION OF PROPERTY—AMENDABLE DEFECT—PARTITION PROCEEDINGS.—When a party who acquires by purchase the hereditary rights of an heir presents the deed of sale of said hereditary rights in the registry for record accompanied by a writing wherein the description of the estate adjudicated to the heir who sold him his title is given, if the description given in said writing agrees with the one appearing in the registry in favor of the record of the partition, said writing is sufficient and it cannot be said that such deed contains the amendable defect of not giving a description of the property.

The facts are stated in the opinion.

*Mr. Andrés Mena* for appellant.

The respondent appeared *per se.*

Mr. Justice del Toro delivered the opinion of the court.

On November 26, 1909, Pedro Juan Palou y Jiménez and Manuel Méndez Dueño appeared before a notary public, and the former sold to the latter his title to the estate of his father, Jaime Palou y Bosch. The said public instrument, together with a writing wherein the property which it was desired to record was described, was presented to the Registrar of Property of Caguas for record, and the registrar, by means of the following note, refused to record the same. From such decision the present administrative appeal is taken:

"The record of the preceding document, requested in writing, is refused in so far as it relates to one estate and three shares in three others, situate in *barrios* Gurabo Abajo, Ceiba Norte, Gurabo Abajo, and Lirios, respectively, in the municipality of Juncos, owing to the following incurable defects: According to the records of the registry the vendor acquired said estate and the aforesaid shares in the three other properties by inheritance from his father, Jaime Palou y Bosch, and by virtue of the partition of his estate, effected November 26, 1909, approved by decision of the District Court of Humacao November 30, 1909, and protocoled in a deed executed before Salvador Fulladosa y Mir, notary of Humacao, on December 1 of the said year. The aforesaid instrument was executed November 26, 1909, this being the same date of the aforesaid partition and prior to its approval and protocol. For this reason and in accordance with article 17 of the Mortgage Law the instrument cannot be recorded, a cautionary notice in favor of the vendee having been entered in place thereof for the legal term of 120 days. Such notice designating the curable defect of failure to describe the estates referred to in the aforesaid deed appears on folios 143 and 137, reverse side, and 141 and 209, reverse side, in volume 15 of Juncos, estates numbers 681 and 679, duplicate, and 680 and 30, triplicate, annotations A and B, respectively."

As appears from the instrument referred to, the death of the father of Pedro Juan Palou occurred on July 13, 1902, he having left a will executed before a notary public wherein he designated his wife and children as his heirs. The title of Pedro Juan Palou to his inheritance from his father commenced on that date, and, consequently, he could have alien-

ated it lawfully on November 26, 1909, and the alienation thereof in legal form should have the corresponding effect.

"The right of inheritance is considered a real right, and, therefore, the alienation thereof shall be recordable whenever the record of the same in favor of the vendor has been made previously, although the corresponding adjudication may not have been made (see Decisions of Aug. 22, 1863, and Dec. 16, 1876), and notwithstanding that the vendor is a tenant in common only and that his interest is specified by an amount representing the value thereof, and not by an aliquot part of the estate.

"After the record of the title of inheritance is authorized without distinction being made between a testate and intestate inheritance, nor between an accepted inheritance and one pending acceptance, nor between an inheritance corresponding to a sole heir and an undivided one belonging to several heirs, it is apparent that it is also proper to record the alienations or cessions of their respective hereditary rights which may be made by the parties in whose name such rights are recorded." (Decision of Dec. 16, 1876; 2 Galindo, *Legislación Hipotecaria,* 270.)

The registrar maintains in his note, and more amply in his brief of the 4th of the current month of June, that the deed of sale of the hereditary title was executed on the same day (Nov. 26, 1909) on which the partition of the estate of Jaime Palou y Bosch was made. That such partition was approved November 30, 1909, was protocoled December 1 of the same year, and was later recorded in the registry of property; and that, therefore, in accordance with the provisions of article 17 of the Mortgage Law, it is impossible to record in favor of the party acquiring the hereditary rights the property adjudicated to and recorded in favor of Pedro Juan Palou by virtue of the partition.

The above-mentioned article 17 says: "After any instrument transferring the ownership or possession of realty, or of property rights thereto, has been recorded or a cautionary notice thereof made in the registry, no other instrument of the name or of a previous date may be recorded or noted by which the ownership of the same estate or property right is

transferred or encumbered.'' We are of the opinion that the clear and precise rule embodied in article 17 of the Mortgage Law does not sustain the opinion of the registrar in this case. It is true that the title of Juan Palou y Jiménez to the property inherited by him from his father, a title already established completely and adjudicated, was recorded by virtue of the partition. It is also true that for greater clearness Palou and Méndez should have waited for the judicial approval of the partition and then have executed a deed of sale specifying the property clearly. It is likewise true that Palou sold to Méndez the title to his inheritance from his father, and the specification of such title, its limitations to certain properties, and its entry in the registry in such form, should not and cannot serve as ground for the refusal to record the same in favor of the purchaser.

This is not a case that deals with the record of a previous deed or of one of equal date executed by a party different from the one appearing in the registry to have title, but of a deed executed precisely by the party who appears in the registry to possess title. The sale included all title to the inheritance, and therefore any title of the vendor to the inheritance sold which may be determined later should be comprised therein. Moreover, the spirit of article 17 of the Mortgage Law conforms to that of the entire law—to wit, to guarantee to third parties acquiring property—when they buy in good faith from the party who appears in the registry to be the owner, that their title will be recognized as valid although the vendor's title may be annulled later. We cannot comprehend how Pedro Juan Palou, who first sold his hereditary title to Méndez and later recorded the same in view of the partition, said title being then limited to certain properties, can be a third party in regard to Méndez. (See Galindo, *Legislación Hipotecaria,* vol. 1, p. 654.)

It might be said that the deed of sale of title and rights to the estate of Jaime Palou, considering the conditions under which it was executed, should have been entered in the record

of all the properties composing the estate. This is not the case. The buyer, accepting implicitly the validity of the partition, pretended to have the deed entered only in the record of the property adjudicated to his vendor. If he had endeavored to enter such deed in the records of the properties of the same estate which were adjudicated and recorded in favor of the other heirs, then the refusal of the record would lie in accordance with article 17 of the law, because said other heirs were different parties from the one with whom he dealt, and were clearly third parties with respect to him.

It is also stated in the decision appealed from that the curable defect of not describing the properties in the deed has been committed. We are of the opinion that if the description of the lands given in the writing attached to the deed conforms to that appearing in the registry by virtue of the record of the partition such writing should suffice.

For the reasons above stated the decision of the registrar, dated April 30, 1912, should be reversed, and said officer should be directed to make the record sought in accordance with the principles laid down herein.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.